UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

|  |  |
|---|---|
| ELUID NEWSOME,<br><br>    Plaintiff,<br><br> v.<br><br>STATE OF OREGON-OREGON HEALTH AUTHORITY,<br><br>    Defendant. | Case No. 3:16-CV-00561-AC<br><br>FINDINGS AND RECOMMENDATION |

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiff, Eluid Newsome ("Newsome"), brings this lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his Fourteenth Amendment due process rights. Newsome alleges defendant State of Oregon ("Oregon") violated his substantive and procedural due process rights with respect to an administrative investigation which resulted in a finding of "substantiated abuse" against

Page 1 - FINDINGS & RECOMMENDATION

Newsome and the termination of his employment. Oregon moves to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2) and 12(b)(6) on two grounds: (1) it is immune from suit in federal court under the Eleventh Amendment; and, (2) the State is not a "person" within the meaning of 42 U.S.C. § 1983. For the reasons that follow, the State's motion to dismiss should be granted.

*Background*

Prior to the termination which precipitated these proceedings, Newsome was employed by Adult Learning Systems of Oregon ("ALSO") as a Direct Support Professional ("DSP"). (Compl., ECF No. 1, at ¶ 2.) His duties as a DSP "includ[ed] caring for residents of group homes who have mental or physical disabilities that require professional care." (*Id.*) Newsome apparently got in a physical altercation with one of the residents on or around March 16, 2014. (*Id.* at ¶¶ 2-3.) As a result, "unknown persons reported that [Newsome] had allegedly abused [the resident,]" which led to the administrative investigation. (*Id.* at ¶ 4.)

Leslie Davies ("Davies"), a Clackamas County Program Service Investigator, conducted the investigation. (*Id.*) Davies apparently interviewed several individuals in the course of her investigation, including Newsome and the alleged victim. (*Id.*) Ultimately, Davies filed a report that substantiated Newsom had abused the resident. (*Id.*) Newsome alleges that, as a result of Davies' report of "substantiated abuse," he was terminated from his job with ALSO and was unemployed for three weeks. (*Id.* at ¶ 5.) Newsome requested a review of the report and it was reviewed by Oregon Health Authority Deputy Director John Thompson ("Thompson"). (*Id.* at ¶ 7.) In a letter to Newsome, Thompson upheld the finding of substantiated abuse. (*Id.*)

Newsome alleges his procedural due process rights were violated because he was not

Page 2 - FINDINGS & RECOMMENDATION

informed as to the procedures by which contested cases are heard under Oregon's Administrative Procedures Act. (*Id.* at ¶ 8.) He alleges he did not receive notice of these procedures because "his situation was not properly classified as a 'contested case.'" (*Id.* at ¶ 9.) Newsome asserts he should have received a contested case hearing and notice of his appeal rights. (*Id.*) He also asserts that his substantive due process rights have been violated because he "has a right to liberty, which includes the right to seek gainful employment, pursue an education, and the right to have his name and reputation free of unsupported allegations of abuse." (*Id.* at ¶ 11.) Newsome seeks monetary relief on both claims. (*Id.* at ¶¶ 13, 17.)

*Legal Standards*

I.     Motion to Dismiss for Lack of Personal Jurisdiction

A motion to dismiss for lack of personal jurisdiction is governed by Rule 12(b)(2). *See* FED. R. CIV. P. 12(b)(2). When opposing a defendant's motion to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir.2008) (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir.1990)). In evaluating the defendants' motion, "[t]he court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the jurisdictional issues." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (citing *Data Disc, Inc. v. Systems Technology Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977)). If the court does not conduct an evidentiary hearing, "the plaintiff need make only a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss." *Id.* (quoting *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).

II.    Motion to Dismiss for Failure to State a Claim

A motion to dismiss for failure to state a claim upon which relief may be granted is governed

Page 3 - FINDINGS & RECOMMENDATION

by Rule 12(b)(6). *See* FED. R. CIV. P. 12(b)(6). A well-pleaded claim requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2) (2015). To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015) (quoting *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The court may "consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)). The court must assume all facts alleged in a claim are true and view them in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 678. The court does not assume legal conclusions are true. *Id.*

## *Discussion*

Oregon moves to dismiss Newsome's due process claims for lack of personal jurisdiction on the grounds the State is entitled to Eleventh Amendment immunity from suit in this court. It is well established that, absent waiver, the Eleventh Amendment bars a suit in federal court against a state or agencies acting under its control. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Therefore, a state may not be sued in federal court by a private citizen unless the state has waived its sovereign immunity or Congress has abrogated the state's sovereign immunity by appropriate federal legislation. *Va. Office for Prot. & Advocacy v. Stewart*, 131 S. Ct.

Page 4 - FINDINGS & RECOMMENDATION

1632, 1638 (2011).

## I. Eleventh Amendment Immunity

Newsome asserts due process violations under 42 U.S.C. § 1983 against Oregon. In *Quern v. Jordan*, the Supreme Court held that § 1983 does not abrogate the states' Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332 (1979); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) (reiterating that Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity). In fact, § 1983 claims against the state are "without arguable legal basis" unless that state has waived immunity. *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989) (superseded by statute on other grounds as stated in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc)). Consequently, Newsome's claims are barred by Oregon's Eleventh Amendment immunity and should be dismissed.

## II. Oregon Is Not A "Person" Under § 1983

Furthermore, Oregon is not a "person" under 42 U.S.C. § 1983, and therefore cannot be sued under the statute. *Will*, 491 U.S. at 65. Therefore, even if Oregon waived its Eleventh Amendment immunity, which it has not done in this case, Newsome would still be unable to assert his § 1983 claims against the state.

## III. Leave to Amend

The Ninth Circuit has repeatedly held that dismissal without leave to amend is improper, even if no request to amend the pleading was made, unless it is clear that the defective pleading cannot possibly be cured by the allegation of additional facts. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 828 n.6 (9th Cir. 2002) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir. 2001)); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). In this case, because Eleventh Amendment

immunity bars Newsome's claims against Oregon, any amended claims against the state (or one of its agencies) would be futile. However, Newsome indicates in his Response to Defendant's Motion to Dismiss that he intends to amend his complaint to assert claims against Thompson, an individual. Because it is unknown whether the facts alleged state a claim against Thompson, the court should give Newsome leave to amend his complaint to assert claims against Thompson.

*Recommendation*

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 7) should be granted. Newsome, should be given leave to amend his complaint to assert claims against Thompson.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. **Objections to this Report and Recommendation, if any, are due no later than fourteen (14) days from today's date. If objections are filed, any response is due fourteen (14) days from the date of the objections.** *See* Rule 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 22nd day of August, 2016.

JOHN V. ACOSTA
United States Magistrate Judge

Page 6 - FINDINGS & RECOMMENDATION