IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ELUID NEWSOME**,<br><br>    Plaintiff,<br><br>v.<br><br>**JOHN THOMPSON**,<br><br>    Defendant. | Case No. 3:16-cv-561-AC<br><br>**OPINION AND ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge John V. Acosta issued Findings and Recommendation in this case on March 21, 2018. ECF 43. Judge Acosta recommended that Defendant's motion to dismiss be granted.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474

U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection (ECF 45), to which Defendant responded (ECF 46). Plaintiff objects to Judge Acosta's findings on Plaintiff's procedural due process claims. Specifically, Plaintiff disagrees with Judge Acosta's conclusions that: (1) Defendant was not required to give Plaintiff notice of Plaintiff's appeal right; (2) Defendant is entitled to qualified immunity on his failure to provide notice of Plaintiff's appeal rights; and (3) Defendant is entitled to quasi-judicial immunity for his failure to provide notice of Plaintiff's appeal right. Plaintiff also objects to Judge Acosta's finding that the Eleventh Amendment bars Plaintiff's claims against Defendant in his official capacity.

**A. Mootness**

Defendant argues that this case is moot and therefore nonjusticiable, because Plaintiff's allegation of abuse was later determined to be "Not Substantiated," and Plaintiff admits that he is now satisfied with the outcome of the charges against him. Judge Acosta did not reach the issue of mootness, and neither party objected. Nonetheless, the Court has an independent duty to ensure that there exists a case or controversy. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) ("To qualify as a case fit for federal-court adjudication, an actual controversy

must be extant at all stages of review, not merely at the time the complaint is filed.") (quotation marks omitted).

Although the State has since changed the character of the abuse allegations against Plaintiff to be "Not Substantiated," Plaintiff alleges that he was injured during the time that his record reflected a "Substantiated" finding of abuse. Plaintiff alleges that Defendant's actions caused Plaintiff to lose three weeks of wages and to endure pain, suffering, and humiliation. ECF 30 at 7, ¶ 17. As such, the Court concludes that there still exists a case or controversy between the parties, and Plaintiff's claims are not moot.

### B. Official Capacity Claims

Plaintiff concedes that under Ninth Circuit precedent the Eleventh Amendment bars claims against Thompson in his official capacity. Plaintiff objects only to preserve his right to appeal. The Court adopts this portion of Judge Acosta's Findings and Recommendation.

### C. *Respondeat Superior* Liability

Neither party has objected to Judge Acosta's findings with respect to Defendant's argument that Plaintiff's claims against Defendant should be dismissed because there is no *respondeat superior* liability under § 1983. The Court follows the recommendation of the Advisory Committee and reviews that matter for clear error on the face of the record. No such error is apparent. Thus, the Court adopts the portion of Judge Acosta's Findings and Recommendation addressing the applicability of *respondeat superior*.

### D. Qualified Immunity

Defendant moved to dismiss Plaintiff's claims on the ground that Defendant was entitled to qualified immunity and quasi-judicial immunity. Because the Court agrees with Judge Acosta's finding that no constitutional violation occurred, the Court concludes that Defendant is entitled to qualified immunity.

### 1. Substantive Due Process

Neither party has objected to Judge Acosta's findings with respect to Plaintiff's claims of substantive due process. The Court follows the recommendation of the Advisory Committee and reviews that matters for clear error on the face of the record. No such error is apparent. Thus, the Court adopts the portion of Judge Acosta's Findings and Recommendation addressing substantive due process. Because Plaintiff does not allege facts sufficient to establish a violation of his right to substantive due process, Defendant is entitled to qualified immunity on this claim.

### 2. Procedural Due Process

With respect to Judge Acosta's findings on procedural due process, Plaintiff argues that Judge Acosta improperly concluded that ORS § 183.415(1) applies only to contested cases because it falls under § 183.415, which Judge Acosta stated is titled "Notice, hearing and record in contested cases." Plaintiff argues that § 183.415 does *not* have that title, that regardless the title is irrelevant because it is not a part of the law and has no bearing on a statute's meaning, and that such a reading of § 183.415(1) would make it redundant, because ORS § 183.413(1) already describes the rights available to a party to a contested case hearing.

Plaintiff argues that the title of § 183.415 is not, in fact "Notice, hearing and record in contested cases." Plaintiff is correct that § 183.415 is simply titled "Notice of right to hearing." *See* ORS § 183.145 (2017 Edition).[1] This provision appears, however, within a category of statutory provisions relating to contested cases. This is evident in the introductory material to Chapter 183 of the Oregon Revised Statutes, including on the Oregon Legislature's website to

---

[1] The Court notes, however, that in Westlaw, this provision *is* given the title "Notice, hearing and record in contested cases."

which Plaintiff directs the Court.[2] Plaintiff is correct, however, that Oregon law also expressly states that "Title heads, chapter heads, division heads, section and subsection heads or titles and explanatory notes . . . do not constitute any part of the law." ORS § 174.540. Nonetheless, following Oregon's statutory interpretation principles and reading the text of the statute in context, and looking at its legislative history, the Court concludes that § 183.415 applies only to contested cases.

Before 2007, § 183.415 stated:

> (1) In a contested case, all parties shall be afforded an opportunity for hearing after reasonable notice, served personally or by registered or certified mail.
>
> (2) The notice shall include: . . .

2003 Oregon Laws Ch. 75 (H.B. 2526).

In 2007, the provision was amended to provide:

> (1) The Legislative Assembly finds that persons affected by actions taken by state agencies have a right to be informed of their rights and remedies with respect to the actions.
>
> (2) In a contested case, all parties shall be afforded an opportunity for hearing after reasonable notice, served personally or by registered or certified mail.
>
> (3) Notice under this section must include: . . .

2007 Oregon Laws Ch. 288 (H.B. 2423). The legislature amended the statute again in 2013, but did not change the above text. *See* 2013 Oregon Laws Ch. 295 (S.B. 125).

In interpreting Oregon statutes, the Court first examines the "text and context" of the statute. *See State v. Gaines*, 346 Or. 160, 171 (2009). Second, the Court may—regardless of

---

[2] Plaintiff notes that the title "Contested Cases" appears directly above ORS § 183.411, but argues that this is irrelevant. A common sense reading of the table of contents indicates that "Contested Cases" appears directly above § 183.411 simply because § 183.411 is the first provision in the section on contested cases.

whether a statute's text and context create ambiguity—examine "pertinent legislative history that a party may proffer." *Id*. at 172. Third, and finally, "[i]f the legislature's intent remains unclear . . . the court may resort to general maxims of statutory construction to aid in resolving the remaining uncertainty." *Id*.

Before 2007, it was clear from the text of § 183.415 that the section applied only to contested cases. As it now reads, it is not entirely clear from the text alone whether the "right to be informed" of rights and remedies, or the "reasonable notice" of a right to a hearing applies in other than contested cases. Read in a larger context, however, there is little indication that the legislature intended to expand § 183.415 to cover other than contested cases. The context of a statutory provision "includes other provisions of the same statute and other related statutes." *Portland Gen. Elec. Co. v. Bureau of Labor & Indus*., 317 Or. 606, 611 (1993) (superseded by statute on other grounds as stated in *Gaines*). Although the newly-added subsection (1) is not limited by its terms to contested cases, it is still followed by the same operative text in section (2), making section (1) read more like a general statement of legislative finding of purpose for the operative section (2). *See* ORS § 183.413 (noting in (1) "The Legislative Assembly finds that parties to a contested case hearing have a right to be informed as to the procedures by which contested cases are heard . . . Accordingly, it is the purpose of subsections (2) and (3) of this section to set forth certain requirements of state agencies so that parties to contested case hearings shall be fully informed as to these matters when exercising their rights before state agencies."). Additionally, the statute appears within a series of statutes addressing contested cases. *See* ORS § 183.411-471. Furthermore, § 813.415 is not, as Plaintiff argues, redundant in light of § 813.413. Section 413 provides the notice required about the procedures used in a

contested case hearing, whereas § 415 requires notice of the right to that hearing, in a contested case, in the first place.

The legislative history of the 2007 amendments affirms this understanding. Although neither party has introduced any pertinent legislative history—or even discussed the amendment to the text of § 183.415—the Court finds it useful to aid its interpretation of this statute. *See* ORS § 174.020(3) ("A court *may* limit its consideration of legislative history to the information that the parties provide to the court. A court shall give the weight to the legislative history that the court considers to be appropriate.") (emphasis added); *see also Gaines*, 317 Or. at 166 (interpreting § 174.020 to mean that a "court is not *obligated* to independently research legislative history") (emphasis added).

A Bill Summary prepared by the Senate Committee on Judiciary for House Bill 2423, which amended § 183.415, explains what the measure does:

> Reorganizes statutes relating to notices of agency action in contested cases. Establishes that agencies must, in a contested case, send parties written notice of the rights and procedures that apply to the case. Clarifies that an officer at a hearing must develop the record fully to include the facts and the law applicable to the issues before the tribunal.

Oregon Bill Summary, 2007 Reg. Sess. H.B. 2423 (May 10, 2007). The Bill Summary also provided the following background information:

> ORS 183.413 and ORS 183.415 describe the notices that agencies must send parties about contested case proceedings. The organization of the statutes is somewhat confusing, however; the statutes both contain notice provisions relating to the action the agency is taking and the procedures of the contested case hearing. HB 2423-A would amend and reorganize these statutes: ORS 183.415 would now require a notice relating to the agency action in question and informing parties of a right to a hearing and ORS 183.413 would require a notice that describes the time, location and procedures of the hearing. The bill also establishes that agencies must: (1) serve the notices on the parties either personally or by mail; (2) identify in the notice, in a general manner, the

> issues to be considered at the hearing; (3) explain that parties may
> present evidence only if it is related to the issues that are the
> subject of the hearing; (4) state whether discovery is permitted and
> how it may be requested; and (5) inform the individual of all of the
> circumstances under which a default order may be entered.

Oregon Bill Summary, 2007 Reg. Sess. H.B. 2423 (May 10, 2007); *see also* Oregon Bill Summary, 2007 Reg. Sess. H.B. 2423 (March 20, 2007).

The legislative history for the 2013 amendment to § 183.415, which focused on adding protections for servicemembers, also shows that the provision was then understood to relate specifically to contested cases. *See* Staff Measure Summary, Reg. Sess. S.B. 125A (May 17, 2013) ("Oregon currently requires agencies to notify parties to a contested case proceeding of certain rights and procedures in advance of a hearing and of their right to a hearing generally.") (citing to § 183.413 and § 183.415).

Reading the text of ORS § 183.415 in context and in connection with the provision's legislative history, the Court concludes that the notice provision contained in § 183.415 applies only in contested cases. Defendant was not, therefore, required to provide notice after his initial review of the allegations against Plaintiff. Plaintiff does not object to Judge Acosta's other findings with respect to whether Defendant violated Plaintiff's right to procedural due process; the Court has reviewed those findings and adopts that portion of the Findings and Recommendation. Plaintiff has not, therefore, stated a claim for a violation of procedural due process. As such, Defendant is entitled to qualified immunity for his actions relating to the abuse allegation against Plaintiff, including Defendant's decision not to provide notice.

**E. Quasi-Judicial Immunity**

Plaintiff also objects that Defendant is not entitled to quasi-judicial immunity regarding his decision not to give Plaintiff notice. Because Defendant is entitled to qualified immunity, the Court need not decide whether Defendant is entitled to quasi-judicial immunity.

PAGE 8 – OPINION AND ORDER

## F. Conclusion

The Court ADOPTS Judge Acosta's Findings and Recommendation (ECF 43) in part. For the reasons discussed in this Opinion and Order, Defendant's motion to dismiss (ECF 34) is GRANTED. Because new factual allegations would not cure the deficiencies in Plaintiff's Complaint, the Court also agrees with Judge Acosta's recommendation that Plaintiffs' claims be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED this 13th day of April, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge